**Mark V. NELSON and Jessica F. Trapp**

v.

**SISTERS OF CHARITY OF THE INCARNATE WORD, HOUSTON, TEXAS, a/k/a St. Elizabeth Hospital and Rick M. Johnston.**

Civil Action No. G–96–273.

United States District Court,
S.D. Texas,
Galveston Division.

June 19, 1997.

Sheila Beth Owsley, Sheila Owsley and Associates, Houston, TX, for Plaintiffs.

Barbara L. Johnson, Wickliff & Hall, Houston, TX, for Defendants.

## ORDER GRANTING ATTORNEYS' FEES

KENT, District Judge.

Plaintiffs filed this employment discrimination action on May 14, 1996. A trial by jury was held on this matter from April 7, 1997 to April 9, 1997, with the jury reaching its verdict on April 10, 1997. Now before the Court is Plaintiffs' Proposed Judgment and Application for Attorneys' Fees and Costs of April 18, 1997. For the reasons set forth below, Plaintiffs' Application for Attorneys' Fees is **GRANTED IN PART.**

Two plaintiffs, Jessica Trapp and Mark Nelson, filed this action against Defendant St. Elizabeth Hospital and individual Defendant Rick Johnston in May, 1996, alleging violations of 42 U.S.C. § 1981, Title VII, and state common law. Plaintiffs subsequently amended their Complaint and eliminated their allegation of a violation of 42 U.S.C. § 1981. On February 20, 1997, the parties stipulated to a dismissal of all claims against individual Defendant Rick Johnston and all state common-law claims. Remaining for trial was a Title VII race discrimination claim

by Plaintiff Mark Nelson and Title VII retaliation claims by both Plaintiffs. A trial was held on these claims from April 7, 1997 to April 9, 1997.

At trial, Plaintiff Mark Nelson requested $564.80 in back pay and $30,000.00 in "compensatory" damages, and Plaintiff Jessica Trapp requested $19,425.00 in back pay and $40,000.00 in "compensatory" damages. On April 10, 1997, the jury reached its verdict and found that Defendant St. Elizabeth Hospital had discriminated against Plaintiff Nelson on the basis of his race and that Defendant had not unlawfully retaliated against either Plaintiff. The jury awarded Plaintiff Nelson $401.07 in back pay and zero dollars in compensatory damages. The jury awarded no damages at all to Plaintiff Trapp. After the trial and pursuant to the Court's instructions, Plaintiffs filed an Application for Attorneys' Fees and Costs, in which they seek an award of attorneys' fees of $64,890.00 and costs of $6,056.55.

■ Title VII provides that a court may, in its discretion, award the "prevailing party" in any action under that subchapter "a reasonable attorney's fee." 42 U.S.C. § 2000e–5(k).[1] A plaintiff may be considered a "prevailing party" for attorneys' fees purposes if he or she succeeds on any significant issue in litigation that achieves some of the benefit the party sought in filing suit. *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. The determination of what is a "reasonable attorney's fee" is left to the discretion of the trial court. *Id.* A starting point for determining a reasonable fee is to consider the number of hours reasonably expended on the case multiplied by a reasonable hourly rate. *Id.* The court may reduce the award resulting from this calculation, however, if the documentation of hours worked is inadequate or if this calculation includes hours that were not "reasonably expended." *Id.* at 433–34, 103 S.Ct. at 1939–40. For instance, "[c]ases may be overstaffed, and the skill and experience of lawyers vary widely." *Id.* at 434, 103 S.Ct. at 1939. Other factors may also lead a court to adjust the fee award, and the most critical

factor in this regard is "the degree of success obtained." *Id.* at 436, 103 S.Ct. at 1941. Where, for example, a plaintiff has obtained limited or partial success, an award of hours reasonably expended times a reasonable fee may be excessive, and the court may reduce the award to account for the limited success. *Id.* at 436–37, 103 S.Ct. at 1941.

■ The Court finds that because he succeeded on his race discrimination claim at trial, Plaintiff Mark Nelson is a prevailing party entitled to an award of back-pay in the amount specified by the jury, $401.07. As a prevailing party, Plaintiff Nelson is also entitled to costs and a reasonable attorneys' fee. Plaintiff Jessica Trapp, however, was completely unsuccessful on her sole claim and is therefore not a prevailing party deserving of an award of attorneys' fees.

While Plaintiff Nelson is a prevailing party entitled to attorneys' fees, the Court finds that the limited nature of his success warrants a significant reduction in the fee requested by Plaintiffs' counsel. As stated above, Plaintiff Nelson prevailed on his race discrimination claim, failed on his retaliation claim, and received a total of $401.07 in damages. Plaintiffs' counsel request an attorneys' fee award of $64,890.00, an amount that is more than 160 times Plaintiffs' recovery. The Court finds that a fee award of this magnitude is excessive in light of the results obtained in this litigation. Plaintiffs' counsel brought this suit on behalf of two plaintiffs; Jessica Trapp was the lead plaintiff and requested nearly twice the damages that Mark Nelson requested. This lead plaintiff, who requested $59,425.00 in damages, was wholly unsuccessful at trial. The other plaintiff, Mark Nelson, brought two claims and prevailed on only one. Moreover, while Plaintiff Nelson received a back-pay damage award of $401.07, the amount he received was less than the requested amount of $564.80. Plaintiff Nelson requested total damages of $30,564.80, and the award of $401.07 represents a 1.31% recovery. In total, Plaintiffs requested damages of $89,989.80, and the $401.07 award represents a .45% recovery.

---

1. The standards for awarding attorneys' fees under Title VII are the same as those under 42 U.S.C. § 1988. *Hensley v. Eckerhart,* 461 U.S. 424, 433 n. 7, 103 S.Ct. 1933, 1939 n. 7, 76 L.Ed.2d 40 (1983).

The Court recognizes that determining the degree of success obtained in litigation is not a mathematical formula but figuring the percentage of damages recovered helps illustrate the limited nature of Plaintiffs' success in this case. Because of the limited success of this litigation, the Court finds that a reduction in the attorneys' fee award is appropriate.

■ Moreover, a reduction in the award is warranted under the *Johnson v. Georgia Highway Express* factors. In *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714 (5th Cir.1974), the Fifth Circuit set forth a number of factors for courts to consider in determining the reasonableness of an attorneys' fee award under Title VII. These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained;[2] (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Id.* at 717–19. In analyzing these factors, the Court finds that the requested fee of $64,890.00 is simply unreasonable. This case involved no difficult or novel issues of law but was rather a simple, straightforward discrimination and retaliation case brought under well-established law. The Court notes that three attorneys participated in the trial of this case and submitted fee affidavits. Two of these attorneys were brought into the case on the eve of trial and submitted requests for attorneys' fees totaling $17,730.00. The Court is frankly mystified as to why these attorneys were brought in and why it took three attorneys to present a small, simple Title VII case. The Court finds that these two attorneys were unnecessary to the prosecution of the case and therefore denies an award of attorneys' fees for their work. Moreover, while knowledge and understanding of Title VII was required for the presentation of this case, no extraordinary skills were required that would warrant any kind of "merit bonus" in the award of attorneys' fees. Plaintiff's lead counsel was of sufficient and necessary skill and experience to handle this litigation. As to the other counsel, the Court has already expressed its views as to their necessity.

The Court further notes that no strict time constraints were present in this case, and there is no evidence that Plaintiffs' lead counsel was precluded from continuing her practice while this case was ongoing. Nor was this case of an "undesirable" nature. The Court notes that Plaintiffs, through their case, were not attempting to end a widespread practice of discrimination on the part of Defendant. Rather, they were seeking compensation for alleged individual acts of discrimination against them.

In analyzing the possible fee arrangement in this case, the Court notes that even if Plaintiffs had completely prevailed in this case and received all of their requested damages, under a typical contingency fee arrangement of forty percent, which appears to have been in effect in this case, Plaintiffs' counsel would have received significantly less than the requested $64,890.00 in fees. Forty percent of the total requested amount of damages of $89,989.80 is approximately $36,000.00, nearly $20,000.00 less than the requested amount of attorneys' fees. Attorneys' fees of forty percent of the requested amount of damages for Plaintiff Nelson alone would be approximately $12,000.00. As it turned out, Plaintiff Nelson received only $401.07 in damages, meaning that under a forty percent contingency arrangement, Plaintiffs' counsel would be entitled to approximately $160.00 as a fee. The Court notes that Plaintiffs' lead counsel received a retainer from Plaintiff Nelson of $6,000.00, which the Court views as a significant amount of compensation given the results obtained in the case. Plaintiffs' lead counsel indicates that she will refund the retainer to Plaintiff Nelson if she is awarded attorneys' fees. The Court admires such an expression

---

**2.** This factor is discussed in detail above.

of generosity and nobility but notes that it is not required by law, nor is it the concern of this Court whether counsel refunds the retainer. In summary, an analysis of the fees that could have been awarded in this case reveals that an award of $64,890.00 is excessive and unreasonable. For this reason and those discussed above, the Court finds that a significant reduction in attorneys' fees is warranted.

■ The Court appreciates that a great deal of effort on the part of Plaintiffs' counsel went into the preparation and presentation of this case. Plaintiffs' lead counsel did an excellent job as always, and the Court appreciates her hard and good work. The Court feels, however, that Plaintiffs' counsel needed to make a better analysis of the merits of this case when deciding how much time, effort, and money to invest in it. It appears to this Court that Plaintiffs' counsel's confidence in the case exceeded the inherent value of the case. The litigation failed as to the lead plaintiff and resulted in a nominal recovery for the other plaintiff. It is for this reason and those discussed above that the Court finds that a fee award of $64,890.00 is unreasonable and excessive in the precise facts of this case. The Court finds that a fee award of $6,016.05 for lead counsel's work alone is more appropriate. That amount is fifteen times Plaintiff Nelson's recovery of $401.07. The Court recognizes that this fee award is not literal compensation for the work done by Plaintiffs' counsel but finds that it is reasonable and fair compensation in the totality of the facts of this case.

■ The Court likewise finds that a reduction in the amount of costs requested by Plaintiffs' counsel is also warranted. Plaintiffs' counsel request an award of costs in the amount of $6,056.55, including: $71.00 for postage; $182.00 for copying; $2,074.00 for trial exhibits, notebooks, and blowups; $120.00 in court fees; and $3,609.55 in deposition costs. The cost statute, 28 U.S.C. § 1920, is very specific as to what the Court may award as costs. Section 1920 does not provide for the award of postage, trial exhibits, notebooks, or blowups as costs. Therefore, Plaintiff's request for payment of these items is denied. The statute does provide

for the awarding of costs for copies or stenographic transcripts "necessarily obtained for use in the case." 28 U.S.C. § 1920(2) & (4). In this case, there is no supporting evidence that copies totaling $182.00 and depositions totaling $3,609.00 were necessary for the prosecution of this case, or, moreover, that they relate solely to the prevailing plaintiff's case. For this reason, the Court reduces the award of costs for copies to $50.00 and for depositions to $1,000.00. The Court also awards court costs in the requested amount of $120.00, making the total of costs awarded to Plaintiffs $1,170.00. The Court finds this amount to be reasonable and fair in light of the circumstances of the case.

For the reasons set forth above, Plaintiffs' Application for Attorneys' Fees and Costs is **GRANTED IN PART.** The prevailing plaintiff, Mark Nelson, is awarded $401.07 in back-pay as determined by a jury on April 10, 1997. Plaintiff Nelson is further awarded $6,016.05 in attorneys' fees and $1,170.00 in costs. The parties are instructed to file nothing further on these issues in this Court, including motions to reconsider and the like, unless compelling evidence warrants such a reconsideration. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled in the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**